110 F.3d 70
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Guadalupe Preciado DURAN, Defendant-Appellant.
 No. 96-50212.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 4, 1997.
Decided March 20, 1997.
 
 Before: SCHROEDER, FERGUSON, LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Guadalupe Preciado Duran ("Duran") appeals his sentence of 60 months imprisonment followed by 4 years supervised release which followed a guilty plea conviction for possession with intent to distribute more than five hundred grams of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1). Duran contends he was entitled to a shorter sentence because he qualified for relief under the "safety valve" exception to the statutory mandatory minimum sentence. 18 U.S.C. § 3553(f), U.S.S.G. § 5C1.2. He also contends that the Assistant United States Attorney and the district court were required to apply the safety valve provision because it was an implied term of his plea agreement. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and we affirm.
 
 
 3
 The district court's finding that Duran did not qualify for safety valve relief was not clearly erroneous. Duran's honesty and candor was called into question by his failure to explain discrepancies between his and government agents' descriptions of the offense conduct and Duran's inability to give a credible explanation of how he could arrange the sale of a kilogram of cocaine in one day without prior drug dealing experience.
 
 
 4
 The court's reliance on uncontested factual descriptions from the presentence report prepared by the probation office did not constitute a due process violation. Reliable hearsay evidence, such as uncontested statements by law enforcement officials in a presentence report, is a proper basis for sentencing decisions. United States v. Fernandez-Vidana, 857 F.2d 673, 675 (9th Cir.1988).
 
 
 5
 Duran contends that the district court was required to apply the safety valve exception as an implied term of his plea agreement. In United States v. De la Fuente, this court held that the application of U.S.S.G. § 5K1.1, which provides for a departure for substantial assistance to authorities, was an implied term of De la Fuente's plea agreement. 8 F.3d 1333, 1339 (9th Cir.1993). However, Duran's reliance on De la Fuente is misplaced. Unlike De la Fuente, who cooperated with the government and complied with the substantial assistance requirement of § 5K1.1, Duran did not comply with the safety valve requirements. In addition, unlike the agreement in De la Fuente, Duran's plea agreement does not fail for lack of consideration if the safety valve is not implied.
 
 
 6
 Finally, the court's mistaken comparison of the sentence Duran would have received under the guidelines versus the mandatory minimum sentence does not undermine the validity of the sentence. It is clear from the court's statement during sentencing that it found Duran did not qualify for the safety valve exception because he appeared to be a "dealer" rather than a "mule" and failed to comply with the candor requirement of § 5C1.2.
 
 
 7
 The sentence imposed by the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3